IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV751

| MATTHEW ALAN JENKINS, | ) |  |
|---|---|---|
| Appellant, | ) |  |
| Vs. | ) | ORDER |
| JAMES T. WARD, SR., Trustee, | ) |  |
| Appellee. | ) |  |

This matter is before the Court upon appeal by the Debtor, Matthew Alan Jenkins, to the Bankruptcy Court's October 30, 2012 Order Granting Trustee's Motion to Surcharge Debtor's Exemptions pursuant to 11 U.S.C. § 105(a), which grants bankruptcy courts the discretion to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

At the time the bankruptcy court issued its decision, there was a split in the Circuit Courts as to whether §105(a) enables bankruptcy courts to surcharge a debtor's exemptions when circumstances warrant. Fourth Circuit bankruptcy courts, including those in this district, have employed exemption surcharges in appropriate circumstances, including to recover for administrative expenses and to remedy situations in which the debtor has already exempted more than statutorily permitted. *See In re Nolan*, 2013 WL 3153849 at *4-5 (Bankr. W.D.N.C. June 19, 2013); *In re Spiers*, 2013 WL 319785 (Bankr. W.D.N.C. Jan. 28, 2013); *In re Price*, 384 B.R. 407 (Bankr. E.D. Va. 2008); *In re Ward*, 210 B.R. 531 (E.D.Va. 1997). However, the Supreme Court recently resolved the split in the circuits in the case of *Law v. Siegel*, 2014 WL 813702 (U.S. March 4, 2014) by holding that bankruptcy courts exceed their authority under 11 U.S.C. §105(a) and their inherent powers by surcharging exempt property in response to a debtor's misconduct. In light of the *In re Law* case, this Court must reverse and remand this matter to the bankruptcy court for further proceedings in accordance therewith.

IT IS SO ORDERED.

Signed: March 14, 2014

Graham C. Mullen
United States District Judge